UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

JAMES CARNEY,

            Defendant.

------------------------------------X

08 Cr. 767-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**


      On August 18, 2010, James Carney, ("Carney" or the "Defendant") pleaded guilty to one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  For the reasons set forth below, Carney will be sentenced to 240 months' imprisonment to be followed by 10 years' supervised release.  Carney will also be required to pay a special assessment of $100 and shall forfeit his interest in any property constituting proceeds from the offense to the United States.


**Prior Proceedings**


      On August 15, 2008, Information 08 CR 767(RWS) was

1

filed in the Southern District of New York.  Count One charges that in April 2008, in the Southern District of New York and elsewhere, Carney and others known and unknown, conspired to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846.

A   Forfeiture   Allegation   was   included   in   the Information, stating that as a result of committing the controlled substance offense alleged in Count 1, Carney shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all property, real and personal constituting proceeds from the offense.  If any of the property subject to the forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

Pursuant to 21 U.S.C. § 851, Prior Felony Information 08 CR 767(RWS) was filed in the Southern District of New York and charges that on December 12, 1997, in Essex County Superior

2

Court, New Jersey, Carney was convicted of distributing a
controlled substance near or on school property, in violation of
New Jersey Penal Law 2C:35-7, a felony, for which he received a
sentence of four years' imprisonment. Accordingly, Carney is
subject to the enhanced penalties of 21 U.S.C. § 841(b)(1)(A).

On August 18, 2010, Carney appeared before the
Honorable Frank Maas in the Southern District of New York and
pleaded guilty to Count 1 of the Information without the benefit
of a plea agreement.

Sentencing is scheduled for November 28, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in
United States v. Booker, 543 U.S. 220 (2005), and the Second
Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d
Cir. 2005), the sentence to be imposed was reached through
consideration of all of the factors identified in 18 U.S.C.
§ 3553(a), including the Advisory Guidelines. Thus, the
sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and

3

the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).   A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.   <u>See</u>

4

Crosby, 397 F.3d at 114-15.

The Court bears a statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and to consider the Guidelines and all of the factors set forth in § 3553(a).   In accordance with the Guidelines, because the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, a sentence reflecting the mandatory minimum sentence will be imposed.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Carney's personal and family history.

**The Offense Conduct**

The following description draws from the PSR.   The specific facts of the underlying conduct are adopted as set forth in that report.

5

Starting in February 2008, law enforcement agents with the Drug Enforcement Administration ("DEA") conducted court-authorized interception of wire communications occurring over two cellular phones assigned call numbers (347) 715-8917 and (347) 570-0853, both of which are used by a co-conspirator ("CC-1") not named as a defendant herein (the "CC-1 Cellphones").

On April 18, 2008, at approximately 12:15 p.m., agents intercepted a call between CC-1 and Carney during which Carney placed an order for approximately 150 bricks of heroin.

Between 1:40 p.m. and 2:00 p.m., agents intercepted calls between CC-1 and Carney during which they finalized the arrangements for the delivery of the requested heroin. Based upon this information, agents set up physical surveillance in the vicinity of 495 Clinton Avenue, in Newark, New Jersey, which is a beauty supply store owned by the Defendant (the "Store").

At approximately 2:45 p.m., agents observed Carney park near the Store and enter it. Minutes later, agents intercepted a call from CC-1 to Carney during which the Defendant informed CC-1 that he was at the "studio" counting

6

money to purchase the 150 bricks of heroin.

At approximately 3:00 p.m., agents observed Carney leave the Store, return to his car and drive away. Agents also intercepted a call between CC-1 and Carney, during which the Defendant told CC-1 that he was driving.  DEA agents followed Carney and continued surveillance.

At approximately 3:13 p.m., agents observed Carney park his car on New Jersey Railroad Avenue, between Murray Street and Astor Street, in Newark, New Jersey (the "Location").

Two minutes later, agents observed a co-conspirator not named herein ("CC-2") arrive at the Location in a black Lincoln Towncar and park in front of Carney's car.  CC-2 exited his car while carrying a package and entered Carney's car on the front passenger side.  Shortly thereafter, CC-2 returned to his car with an object in his hand.  Both vehicles left the area moments later.

At approximately 3:16 p.m., agents intercepted a call between CC-1 and Carney, during which CC-1 confirmed that Carney had paid approximately $22,600 for the delivered heroin and that

Carney still owed CC-1 approximately $1,400.

CC-1 and CC-2 both confirmed that prior to meeting the Defendant, CC-2 picked up a package containing 150 bricks of heroin from 2715 Webb Avenue, Bronx, New York (the "Building"), the headquarters for CC-1's heroin trafficking organization. CC-1 and CC-2 also confirmed that CC-2 traveled to the Location on April 18, 2008 delivered the package of heroin to Carney, and received from Carney a package containing a large quantity of money.

Carney was arrested on May 15, 2008, pursuant to an arrest warrant.  The approximate amount of heroin attributable to the Defendant is between one and five kilograms.

**The Relevant Statutory Provisions**

Pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 851, the mandatory minimum term of imprisonment is 20 years and the maximum term of imprisonment is life.

A term of at least 10 years' supervised release is required if a sentence of imprisonment is imposed, pursuant to

8

21 U.S.C. §§ 841(b)(1)(A), 846 and 851.

The Defendant is not eligible for probation because the offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. §§ 841(b)(1)(A) and 846.

The maximum fine that may be imposed is $20 million, pursuant to 21 U.S.C. § 841(b)(1)(A), 846 and 851. A special assessment of $100 per count is mandatory, pursuant to 18 U.S.C. § 3013.

As a result of committing the offenses alleged in Count 1, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1963(a)(1), (a)(2) and (a)(3), all property real and personal, involved in the offense or traceable to such property.

**The Guidelines**

The November 1, 2011 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The

9

Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment are as follows:

The guideline for a violation of 21 U.S.C. § 846 is found in §2D1.1. The Defendant is being held accountable for between one and five kilograms of heroin. This amount straddles two base offense level sections. Under §2d1.1(c)(3), the base offense level is 34 as the amount is between 3 and 10 kilograms. Under §2D1.1(c)(4), the base offense level is 32 as the amount is between 1 and 3 kilograms. Erring on the side of the Defendant, the base offense level is 32 pursuant to §2D1.1(c)(4). Based on his plea allocution, the Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty for an offense with a base level of 16 or greater, thereby permitting the Government to allocate its resources more efficiently. Accordingly, the applicable offense level is 29.

As an adult, Carney has been arrested three times. On

10

March 27, 1995, Carney was convicted of possession/use of a
controlled dangerous substance in Municipal Court in Newark, New
Jersey, and he received a sentence of 280 days' confinement and
a $50 assessment.  Pursuant to §4A1.2(e)(3), this conviction is
not counted.  On February 6, 1996, in Newark, New Jersey, after
receiving complaints about a vehicle driving in a reckless
manner, police officers pulled over the suspect vehicle.  The
driver and Carney, who was riding as a passenger, were removed
from the vehicle and searched.  Officers observed a green bag
containing U.S. currency and a white square object shaped like a
brick.  Officers recovered a total of 300 decks of heroin and
$10,063.  Carney was charged with possession of a controlled
dangerous substance on school property and conspiracy.  On
December 12, 1997, he was sentenced to four years' imprisonment,
3 years' parole ineligible term, 2 years' suspended driver's
license, and an assessment of $1,175.  Pursuant to §4A1.1(a) and
§4A1.2(e)(1), this criminal conviction carries three criminal
history points.  On June 23, 2003, Carney was again arrested for
a drug offense, and on October 9, 2003, he received 90 days'
imprisonment, 180 days' suspended driver's license and an
assessment of $705.  Pursuant to §4A1.1(b) and §4A1.2(e)(2),
this criminal conviction carries two criminal history points.
The total of the criminal history points is five.  According to

11

the sentencing table at Chapter 5, Part A, five criminal history
points establish a Criminal History Category of III.

Based on a total offense level of 29 and a Criminal
History Category of III, the Guidelines range for imprisonment
is 108 to 135 months.  However, pursuant to §5G1.1(b), because
the statutorily required minimum sentence of 20 years'
imprisonment is greater than the maximum of the applicable
guideline range, the sentencing becomes 240 months.  The
Guidelines range for a term of supervised release is 10 years,
the minimum required by statute, pursuant to §5D1.2(c).  Because
the applicable Guidelines range is in Zone D of the Sentencing
Table, the Defendant is not eligible for probation, pursuant to
§5B1.1 application note #2.  In addition, the Defendant is not
eligible for probation because Count 1 is a Class A felony,
pursuant to §5B1.1(b)(1).

The fine range for the instant offense is $15,000 to
$20 million pursuant to §5E1.2(c)(3)(A) and (c)(4).  Subject to
the Defendant's ability to pay, in imposing a fine, the Court
shall consider the expected costs to the Government of any
imprisonment, probation, or supervised release pursuant to
§ 5E1.2(d)(7).  The most recent advisory from the Administrative



Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.  As a result of committing the offenses alleged in Count 1, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. §1963(a)(1), (a)(2) and (a)(3), all property real and personal, involved in the offense or traceable to such property.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.  Upon consideration of all of the relevant factors, it is concluded that the imposition of a sentence reflecting the statutorily mandated minimum sentence is warranted.

13

**The Sentence**

For the instant offense, Carney will be sentenced to 240 months' imprisonment and 10 years' supervised release.

Carney is directed to report to the nearest United States Probation Office within 72 hours of release to commence his term of supervised release. It is recommended that Carney be supervised by the district of his residence.

As mandatory conditions of his supervised release, Carney shall:

     (1)   not commit another federal, state, or local crime;

     (2)   not illegally possess a controlled substance;

     (3)   not possess a firearm or destructive device;

     (4)   refrain from any unlawful use of a controlled substance and submit to one drug testing within 15 days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer; and

14

(5)   cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1)   The Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

15

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

The Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1963(a)(1), (a)(2) and (a)(3), all property real and personal involved in the offense or traceable to such property.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for November 28, 2011.

It is so ordered.

New York, NY
November 23, 2011

ROBERT W. SWEET
U.S.D.J.

16